UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

WILMAH WILBURN,[1]

                Plaintiff,

v.                                      **DECISION AND ORDER**
                                              04-CV-451S

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

1.      Plaintiff challenges an Administrative Law Judge's ("ALJ") decision, dated November 26, 2003, wherein the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since September 5, 1999, due to a back impairment and asthma. She contends that her medical conditions render her unable to work, and that she is therefore entitled to payment of disability benefits under the Act.

2.      Plaintiff filed an application for disability insurance benefits on September 5, 2001. Her application was denied by the agency. On September 29, 2003, Plaintiff and her representative appeared before an ALJ for a hearing. The ALJ considered the case *de novo*, and on November 26, 2003, issued a decision denying Plaintiff's application for benefits. On April 13, 2004, the Appeals Council denied Plaintiff's request for review. Plaintiff filed the current civil action on June 16, 2004, challenging Defendant's final

---

[1] Plaintiff is proceeding *pro se*. Accordingly, this Court has interpreted Plaintiff's response to Defendant's motion to raise the strongest arguments it suggests. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir.1994).

decision.[2]

3. On March 18, 2005, Defendant filed a Motion for Judgment on the Pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Plaintiff filed a response in opposition on April 28, 2005. Plaintiff and Defendant's counsel appeared before this Court for oral argument on May 11, 2005, after which this matter was taken under advisement. For the reasons set forth below, Defendant's motion is granted.

4. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. § § 405(g), 1383(c)(3); Wagner v. Sec'y of Health and Human Servs., 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if it is not supported by substantial evidence or there has been a legal error. See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979). Substantial evidence is evidence that amounts to "more than a mere scintilla." Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971). The term substantial evidence "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Id. Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).

5. "To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen,

---

[2]The ALJ's November 26, 2003 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

859 F.2d 255, 258 (2d Cir. 1988). If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and will not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review." Valente v. Sec'y of Health and Human Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).

6. The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled as defined under the Social Security Act. See 20 C.F.R. §§ 404.1520, 416.920. The United States Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, 482 U.S. 137, 140-142, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987), and it remains the proper approach for analyzing whether a claimant is disabled.

7. This five-step process is detailed below:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits his physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider him disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work. Finally, if the claimant is unable to perform his past work, the [Commissioner] then determines whether there is other work which the

claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999); 20 C.F.R. § 404.1520.

8. While the claimant has the burden of proof as to the first four steps, the Commissioner has the burden of proof on the fifth and final step. See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984). The final step of this inquiry is, in turn, divided into two parts. First, the Commissioner must assess the claimant's job qualifications by considering his physical ability, age, education and work experience. Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1520(f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

9. In this case, the ALJ followed the five-step process described above. After carefully examining the ALJ's decision and the administrative record, this Court finds that substantial evidence in the record supports the ALJ's decision in this case. Specifically, the medical evidence and opinions contained in the record support the ALJ's determination. Moreover, the ALJ thoroughly examined the record, giving appropriate weight to all of the medical evidence.

10. In challenging the Commissioner's final decision, Plaintiff contends that some of the information contained in her medical records is incorrect and that she was not informed that she could present witnesses before the ALJ. In determining whether the ALJ's decision is supported by substantial evidence, however, this Court is constrained to the record submitted before the ALJ. It would therefore be improper for this Court to

entertain Plaintiff's arguments that her medical records contain inaccurate information. The only question is whether those records support the ALJ's decision. Further, the record contains the "Notice of Hearing" that Plaintiff was sent on or about August 22, 2003. That Notice indicates that "[y]ou and your representative may submit documents, present and questions witnesses, state your case, and present written statements about the facts and law." Accordingly, evidence in the record indicates that Plaintiff did in fact receive notice that she was entitled to present witnesses at her hearing.

11.   Aside from the two arguments discussed above, Plaintiff does not challenge the ALJ's decision. It is clear to this Court that Plaintiff is frustrated by her unexplained back condition. She conceded at oral argument that her doctors are unable to find a medical explanation for the back pain she is suffering. While this Court is not unsympathetic to Plaintiff's plight, the fact remains that the medical records in this case support the ALJ's finding that Plaintiff is not disabled within the meaning of the Act. This Court finds no error in the ALJ's weighing of the evidence presented, and further finds that substantial evidence of record supports his decision. Accordingly, Defendant's Motion for Judgment on the Pleadings is granted.

IT HEREBY IS ORDERED, that Defendant's Motion for Judgment on the Pleadings (Docket No. 8) is GRANTED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated:   September 6, 2005
         Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge